Harry V. JUMP, Superintendent of Insurance, State of Ohio, and Conservator of Manchester Insurance and Indemnity Company (an Ohio Corporation), Plaintiff,

v.

PIONEER BANK AND TRUST COMPANY (a Missouri Corporation), Defendant.

No. 76–869C (A).

United States District Court, E. D. Missouri, E. D.

April 11, 1977.

Lewis, Rice, Tucker, Allen & Chubb, J. L. Pierson, St. Louis, Mo., for plaintiff.

Susman, Schermer, Willer & Rimmel, Gerald A. Rimmel, Clayton, Mo., for defendant.

## MEMORANDUM OPINION

HARPER, District Judge.

Plaintiff, Harry V. Jump, Superintendent of Insurance for the State of Ohio, brings this action in his capacity as the Conservator of Manchester Insurance and Indemnity Company (hereinafter referred to as MI&I) for declaratory and injunctive relief against Pioneer Bank and Trust Company (hereinafter referred to as Pioneer). This Court's jurisdiction of the case is proper under 28 U.S.C. § 1332(a).

Plaintiff's action was tried before 'the Court without a jury. The credible testimony, stipulation of facts, exhibits and pleadings disclose that MI&I, an insurance company incorporated and existing under the laws of Ohio, owns approximately eighty-seven percent of the total number of outstanding shares of Pioneer, a bank incorporated and existing under the laws of Missouri.

On September 23, 1975, plaintiff, acting pursuant to his duties as Superintendent of Insurance, filed a complaint for "Rehabilitation or Liquidation and Request for Injunctive Relief" against MI&I in the Court of Common Pleas, Franklin County, Ohio. On the same date that court decreed that sufficient cause existed for the rehabilitation or liquidation of MI&I and ordered: (1) That plaintiff, as Superintendent of Insurance, be appointed Conservator of MI&I; (2) that, as Conservator of MI&I, plaintiff take possession of the property, business and affairs of MI&I to effect its rehabilitation or liquidation in accordance with the provisions of Chapter 3903 of the Revised Code of Ohio; and (3) that the agents and employees of MI&I be enjoined from engaging in certain specified activities. This order of the Court of Common Pleas was not appealed.

In October of 1975, plaintiff filed a motion with the Franklin County Court of Common Pleas for an order directing the liquidation of the property, business and affairs of MI&I. On February 13, 1976, the Court of Common Pleas acted upon this motion finding MI&I to be insolvent and ordering plaintiff as its Conservator to liquidate all of its property and business pursuant to Section 3903.09, Revised Code of Ohio. This order was appealed to the Court of Appeals of Franklin County, Ohio, which on March 22, 1977, rendered judgment affirming the order of the Court of Common Pleas.

On March 29, 1976, the Court of Common Pleas, acting on the oral motion of plaintiff, ordered plaintiff or his deputies to attend Pioneer shareholder meetings and vote those shares of Pioneer stock which were held by MI&I. This order further provided that Pioneer was to recognize plaintiff's authority to vote such stock and it was also directed to transfer and register the stock to plaintiff if he so requested. This order was not appealed.

In August of 1976, Pioneer's president and secretary gave MI&I written notice of an annual meeting of its shareholders which was to be held on September 13, 1976, at Pioneer's main offices and principal place of business in Maplewood, Missouri. Deputy Conservators James Butler and John Dye, having first been appointed by plaintiff as proxies for those shares of Pioneer stock held by MI&I, appeared at Pioneer's main offices on the date and at the time specified. There they presented officers presiding over the shareholder meeting with copies of the complaint for rehabilitation or liquidation, the order of March 29, 1976, directing plaintiff to vote the shares of Pioneer stock held by MI&I, and a copy of a document drawn by plaintiff naming them as proxies for such voting purposes. Deputy Conservators Butler and Dye moved to adjourn Pioneer's shareholder meeting to October 12, 1976. However, the President of Pioneer rejected their right to so move and the meeting was adjourned for lack of quorum.

Plaintiff, by his prayer for relief, requests: (1) That this Court declare that plaintiff, as Conservator of MI&I, is entitled to vote and exercise all ownership rights in the shares of Pioneer stock held by MI&I; (2) that Pioneer and its agents be enjoined from denying plaintiff any rights incident to the ownership of such Pioneer stock; (3) that the Court set a date upon which will be held the continuation of the Pioneer shareholder meeting adjourned on September 13, 1976; (4) that the Court retain continuing jurisdiction over this matter; and (5) that plaintiff be awarded the costs of his action, including reasonable attorneys' fees. In support of such relief plaintiff maintains that this Court must recognize and give effect to two orders entered by the Ohio Court of Common Pleas. It is first contended that the appointment of plaintiff as Conservator of MI&I by the order of September 23, 1975, immediately vested him with title to all assets of that corporation. Included in such assets are those shares of Pioneer stock held by MI&I and their attendant voting rights. Second, plaintiff notes the unappealed order of March 29, 1976, which specifically gave him authority to vote MI&I's shares of Pioneer stock at Pioneer shareholder meetings.

Pioneer, by its briefs, has raised a number of arguments in opposition to plaintiff's action, several of which have been rendered obsolete by the recent decision of the Ohio Court of Appeals affirming the order of February 13, 1976, which directed the liquidation of MI&I. Those which remain viable, though not necessarily meritorious, are two in number. First, it is Pioneer's contention that it is not bound by the order of March 29, 1976, of the Court of Common Pleas which authorized plaintiff to vote Pioneer stock held by MI&I and which directed Pioneer to recognize plaintiff's authority to vote said stock. It is asserted that, as to Pioneer, the order is null and void because Pioneer received no notice of the judicial proceeding which culminated in the order. Second, Pioneer maintains that, even assuming the order of March 29, 1976, is found fully binding, plaintiff is not entitled to vote the shares of Pioneer stock held by MI&I as a result of noncompliance with applicable Missouri statutory law and by-laws of Pioneer. Pioneer contends that Sections 351.250 and 351.255, RSMo, 1969, as well as its own by-laws require that a transferee of stock be registered in the transfer books of the corporation before he may vote at a meeting of the corporation's shareholders. In the case at bar, however, plaintiff did not procure such registration in Pioneer's transfer books prior to the attempted exercise of voting rights and, apparently, no registration has taken place prior to trial.

The Court rejects the arguments proffered by Pioneer in opposition to plaintiff's action and finds that plaintiff is entitled to the greater part of the relief requested. Such a determination is made on the basis that the order of the Court of Common Pleas of March 29, 1976, properly authorizes plaintiff to vote shares of Pioneer stock held by MI&I and that applicable Missouri statutory law obligates Pioneer to recognize plaintiff's authority to vote those shares.

The order of March 29, 1976, provides in pertinent part:

"It is hereby ORDERED that: the Conservator, Harry V. Jump, Superintendent of Insurance of the State of Ohio, himself or through the Chief Deputy Richard Gregg or the Deputy Conservators John A. Dye or Stafford McGuire or any one of them, attend [Pioneer] shareholder meetings and vote such stock [shares of Pioneer held by MI&I] for all matters and issues coming before or which should come before such meetings,
* * *.

*    *    *    *    *    *

"Said companies [including Pioneer] are ordered and directed to recognize said Conservator in such matters and transfer and register the stock of said companies in his name if he should so direct and transfer the stock as he may require. Such companies are hereby ordered to recognize him as the owner of said stock for all purposes."

The paragraph of the order which authorizes plaintiff to vote the shares of Pioneer stock held by MI&I constitutes the basis of plaintiff's action. This grant of authority is independent of that paragraph of the order which directs Pioneer to recognize plaintiff as the owner of such stock for all purposes, including voting at its shareholder meetings. That portion of the order of March 29, 1976, which addresses itself to the obligations of Pioneer is not necessary to effectuate the voting rights granted plaintiff in the preceding paragraph. Accordingly, the deficiency of notice alleged by Pioneer, even if it serves to nullify that paragraph of the order directing Pioneer to recognize plaintiff's authority over the stock in question, does not vitiate the efficacy of the paragraph ordering plaintiff or his deputies to vote such stock.

There is also no merit in Pioneer's contention that the refusal to allow the Deputy Conservators to vote at its annual meeting of shareholders was justified by plaintiff's failure to comply with Missouri statutes and a Pioneer by-law which require that a stock transferee be registered in corporate transfer books before voting at shareholder meetings. Section 351.260. RSMo, 1969, disposes of such contention. That section provides in pertinent part:

"3. Shares standing in the name of a receiver may be voted by such receiver, and shares held by or under the control of a receiver may be voted by such receiver without the transfer thereof into his name if authority to do so be contained in an appropriate order of the court by which such receiver was appointed."

Here, where the same Court of Common Pleas appointing plaintiff Conservator of MI&I by appropriate order also authorized him to vote shares of corporate stock under his control, Section 351.260 becomes operative and prevails over the statutes and by-law relied upon by Pioneer to defeat plaintiff's action.

Accordingly, for the above reasons, the Court finds for the plaintiff, Harry V. Jump, and against the defendant, Pioneer Bank and Trust Company, declaring that plaintiff is entitled to vote shares of Pioneer stock held by MI&I for all matters coming before Pioneer shareholder meetings and is entitled to take all actions which shareholders of Pioneer are permitted to take under applicable laws and regulations. It is ordered that Pioneer, its officers, agents and employees are enjoined from denying plaintiff the rights which shareholders of Pioneer are permitted to exercise under applicable laws and regulations. The court, rather than itself setting a definite date upon which to hold the continuation of the Pioneer shareholder meeting adjourned on September 13, 1976, advises plaintiff and Pioneer to establish a mutually acceptable date for the continuation of the shareholder meeting. That the continuation of the meeting will take place within a reasonable time after the filing of this memorandum opinion is insured by the Court's retention of jurisdiction over this matter. However, plaintiff's prayer for costs, including reasonable attorneys' fees, is denied. In this regard, the Court notes that the allowance of costs is a matter

within the sound discretion of the trial court, *Linneman Construction, Inc. v. Montana-Dakota Utilities Co., Inc.,* 504 F.2d 1365, 1370 (8th Cir. 1974), and that attorneys' fees are not ordinarily recoverable by a prevailing litigant in the absence of statutory authorization, *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), or contractual agreement.

The Court adopts this memorandum opinion as its findings of fact and conclusions of law, and the clerk of the Court is directed to prepare and enter the proper judgment in accordance with the Court's findings therein.